BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

APR 20 1972

IN RE AIR CRASH DISASTER AT  )
ANCHORAGE, ALASKA ON          )    DOCKET NO. 95
NOVEMBER 27, 1970             )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON*, WILLIAM H. BECKER, JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

On November 27, 1970, a military charter flight operated by Capitol International Airways enroute to Vietnam crashed near Anchorage, Alaska. Forty-six passengers and one crew member were fatally injured, eighteen persons were seriously injured and thirty-four sustained minor injuries. Three cases arising out of this crash are now pending in three different districts. On its own initiative the Panel has considered transfer of these actions to a single district for coordinated or consolidated pretrial proceedings. After considering the responses of the parties and the arguments presented at hearing, we decline to order transfer at this time. Our decision is without prejudice to the right of any party to move for transfer at a later time or of the Panel to reconsider transfer on its own initiative.

---

\*       Although Judges Robson and Lord were unable to attend the hearing, they have, with the consent of the parties, participated in this decision.

Not all parties to these actions have responded to the order to show cause,[1/] but all those who have responded, including Oklahoma plaintiffs and many of the defendants in the Oklahoma actions, favor transfer to a single district. Three of the Oklahoma defendants, Capitol International Airways, C.I.T. Corp. and Goodyear Tire and Rubber Co. have also indicated their preference for the Western District of Oklahoma as transferee district. They urge that the eyewitnesses to the crash, the survivors and the defendants are scattered across the country and that the Western District of Oklahoma is a central geographical forum in which this litigation might be consolidated. The Oklahoma plaintiffs and the other defendants, McDonnell-Douglas, The Bendix Corp., Firestone Tire and Rubber and Hydro-Aire, are also agreeable to selection of that district as transferee district.

Although we think it clear that these cases do share common questions of fact concerning the events surrounding the crash, there are too few actions at this point to justify transfer to a single district for coordinated or consolidated pretrial proceedings. Because of the large number of fatalities and serious injuries resulting from this crash, additional actions on behalf of passengers and crew members are expected. Many of these will be filed and processed in the state courts, but it is likely that at least some of the additional actions will be filed in the United States District Courts throughout the country. We think it premature to decide the question of transfer and to

---

1/   No response has been received from plaintiff in the Southern District of New York action.

choose the transferee district until more actions have been filed. This decision should not prevent the parties from voluntarily cooperating in the preparation of the presently pending cases for an early trial.

IT IS THEREFORE ORDERED that transfer of the actions listed on the attached Schedule A be, and hereby is, DENIED, without prejudice to the right of any party to move for transfer at a later time or of the Panel to consider transfer at a later time on its own initiative.

SCHEDULE A                                                          DOCKET NO. 95

### EASTERN DISTRICT OF OKLAHOMA

Clyde D. Covey, etc. v. C.I.T. Corporation,        Civil Action
   et al.                                           No. 71-124

### WESTERN DISTRICT OF OKLAHOMA

Bill R. Conway v. C.I.T. Corporation,              Civil Action
   et al.                                           No. CIV-71-454

### SOUTHERN DISTRICT OF NEW YORK

Claude C. Turner, etc. v. Capitol International    Civil Action
   Airways, Inc., et al.                            No. 71 Civ. 4709